**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LOLA RUSSELL, individually and on behalf of similarly situated individuals,<br><br>*Plaintiff,*<br>v.<br><br>SHEIN DISTRIBUTION CORPORATION, a Delaware corporation; SHEIN US SERVICES, LLC, A Delaware limited liability company; and SHEIN TECHNOLOGY LLC, a Delaware limited liability company,<br><br>*Defendants.* | Case No. 1:26-cv-04533<br><br>The Honorable Joan H. Lefkow |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
TO STAY ALL PROCEEDINGS PENDING RULING ON MDL MOTION**

Plaintiff Lola Russell ("Plaintiff"), by and through her undersigned counsel, hereby moves for a stay of all proceedings in this Action pending a ruling by the Judicial Panel On Multidistrict Litigation (the "JPML") on a Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 (the " Motion for Transfer" or "MDL Motion"), which involves this Action and other federal cases seeking IEEPA tariff refunds to consumers. As set forth herein, a stay of proceedings in this case is necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407 because, without a stay, this Court risks duplicating work that may otherwise be undertaken in coordinated MDL proceedings, compromising judicial efficiency and prejudicing Plaintiff. In support of this Motion, Plaintiff states as follows:

**BACKGROUND**

This action was filed on March 17, 2026, in the Circuit Court of Cook County, Illinois. Defendants Shein Distribution Corporation, Shein US Services, LLC, and Shein Technology LLC

("Defendants") removed this case to this Court on April 22, 2026. Plaintiff's action seeks redress for Defendants' unlawful retention of windfall profits generated as a consequence of the unlawful tariffs imposed by the Trump Administration under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 *et seq*. This windfall is a direct result of Defendants systematically passing on the costs of IEEPA tariffs to their own customers—including Plaintiff—through elevated product prices.

On August 14, 2026, plaintiffs in numerous related actions filed a Motion for Transfer and Centralization Pursuant to 28 U.S.C. § 1407 with the JPML. The JPML subsequently assigned the proceeding MDL No. 3202, captioned *In re Retailer Tariff Litigation*. The Motion to Transfer seeks centralization in the Northern District of Illinois. The Motion for Transfer identified at least twenty-five related federal actions for coordinated or consolidated pretrial proceedings, including this Action, *Russel v. Shein Distribution Corporation et al.*, No. 1:26-cv-04533-JHL. The JPML accepted the transfer motion for filing on August 20, 2026 and expressly identified this Action as one of the associated cases.

On August 20, 2026, the JPML entered a briefing schedule requiring responses to the Motion for Transfer by September 10, 2026 and any reply by September 17, 2026. Accordingly, briefing on the Motion for Transfer is now complete.

The parties to this Action are already actively participating in the JPML proceeding. On September 3, 2026, Defendants filed corporate disclosure statements and counsel Jason Jonathan Kim entered an appearance on behalf of Defendants in MDL No. 3202. Plaintiff thereafter entered her appearance in the MDL proceeding.

On September 10, 2026, Defendants filed a Response in Opposition to the Motion for Transfer, docketed as ECF No. 25 in MDL No. 3202 and specifically associated with this Action.

Plaintiff, together with plaintiffs in other related actions, filed a Response in Support of centralization, docketed as ECF No. 140.

Meanwhile, proceedings in this Court have not advanced beyond the pleading stage. On July 30, 2026, the Parties completed briefing on Defendants' pending Motion to Compel Arbitration and Stay the Case (Dkt. 19) when Defendants filed their Reply in Support of their Motion to Compel. (Dkt. 28.) On August 31, 2026, the Parties completed briefing on Plaintiff's pending Motion to Remand (Dkt. 29) when Plaintiff filed her Reply in Support of her Motion to Remand (Dkt. 32). Both Motions are pending and awaiting a decision by this Court.

The timing of the requested stay is particularly appropriate. The Court has not as yet made any substantive rulings in this Action. A brief stay therefore would preserve the status quo while the JPML completes briefing and determines whether this Action should proceed as part of centralized pretrial proceedings, rather than requiring the Parties and this Court to expend further resources litigating motions that may soon be subject to coordinated pretrial proceedings before the transferee court.

Importantly, Plaintiff does not seek this stay because she favors transfer to the MDL. To the contrary, Plaintiff continues to maintain that this action was improperly removed and should ultimately be remanded to state court. (Dkts. 29, 32.) Plaintiff nevertheless submits that the most efficient course is for the Court to defer consideration of the remand issue until the JPML determines whether this action should be transferred. A stay would avoid the possibility of duplicative proceedings and conserve the resources of the Court and the Parties. If the JPML declines to transfer the action, the Court can promptly proceed to adjudicate Plaintiff's Motion to Remand. If the JPML orders transfer, the transferee court can address the remand issue in the context of the MDL proceedings.

Thus, to prevent prejudice to Plaintiff, and to preserve the resources of the Parties and the Court, Plaintiff requests a stay of all proceedings in this Action until the JPML rules on the pending Motion for Transfer. Plaintiff's request is made in good faith and not for the purpose of delay.

**ARGUMENT**

Many courts across the nation that have encountered the issue of staying or otherwise delaying tariff-related cases pending the resolution of MDL motions for transfer have chosen to exercise their discretion to stay all case proceedings. *See e.g., Lemense v. Puma United N. Am., LLC*, No. 26-cv-12654 (D. Mass. October 1, 2026), ECF No. 34 (staying "all proceedings pending a ruling on the MDL transfer motion" in spite of defendant's opposition to plaintiff's motion); *Mulconrey v. J.M. Smucker Co.*, No. 26-cv-08832 (N.D. Ill. Sept. 4, 2026), ECF No. 15 (delaying briefing on a motion pursuant to a stipulation of the parties); *Lasseter v. Amazon.com, Inc.*, No. 26-cv-02019 (M.D. Fla. Sept. 3, 2026), ECF No. 9 (administratively closing the case "pending reactivation here should the MDL not take the case or, if taken, reactivation when the case returns from the MDL").

A district court has inherent power to stay proceedings which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co*., 299 U.S. 248, 255 (1936). Courts across the nation regularly stay cases pending a ruling on a motion to consolidate the case at issue into an MDL. See, e.g., *Bd. of Trs. of Teachers' Ret. Sys. of State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 902 (N.D. Ill. 2002) (granting stay with a motion to remand pending); *Walker v. Merck & Co.*, No. 05-cv-360, 2005 WL 1565839, at *1–2 (S.D. Ill. June 22, 2005) (same); *Good v. Altria Group, Inc.,* 624 F. Supp. 2d 132, 134 (D. Me. 2009) (Courts "frequently grant stays pending a decision by the [JPMDL] regarding whether to transfer a case.")

(citation omitted); *Automated Transactions, LLC v. Bath Sav. Inst.*, No. 12-cv-00393, 2013 WL 1346470, at *2 (D. Me. Mar. 14, 2013) ("Courts frequently grant stays pending a decision by the [MDL] Panel regarding whether to transfer a case.") (citation omitted), *report and recommendation adopted*, No. 12-cv-00393, 2013 WL 1346409 (D. Me. Apr. 3, 2013); *Regonini v. Med. Device Business Servs., Inc.*, No. 21-cv-11651-TSH, ECF No. 19 (D. Mass. Oct. 19, 2021) (Hillman, J.) (citation omitted) ("a stay pending MDL transfer minimizes the risk of 'inconsistent judgments and duplicative litigation.'"); *Reid v. Bayside Orthopaedics, Inc.*, No. 21-cv-2678, 2021 WL 6644368, at *1 (M.D. Fla. Dec. 20, 2021) (staying case pending motion to consolidate case into an MDL); *Hammers v. Bayside Case Orthopaedics, Inc.*, No. 12-cv-2553-T-35-MA, 2012 WL 7861448, at *1 (M.D. Fla. Dec. 4, 2012) (same). "In deciding whether to grant a stay pending the JPML decision to transfer a case to an MDL, courts consider: (1) whether judicial economy favors a stay; (2) the potential prejudice to the non-moving party; and (3) any hardship or inequity to the moving party if the case is not stayed." *Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 WL 2244766, at *1 (N.D. Ill. July 27, 2009). Here, each of these factors weighs in favor of granting this Motion.

***First,*** a stay would conserve the resources of this Court. *Worldcom, Inc.*, 244 F. Supp. 2d at 905 ("Almost by definition, little or no judicial resources are expended during the pendency of a stay."). That concern is especially pronounced here because the Parties have already filed two motions. Absent a stay, this Court will be required to expend resources addressing these motions while the JPML simultaneously determines whether this Action should be transferred for coordinated pretrial proceedings. If transfer is ordered, that effort may be duplicated by the transferee court (or this Court) or may address issues that would more efficiently be considered in the context of the related actions. *See Paul*, 2009 WL 2244766, at *1 (staying a case in which a

potential transferor "court would have wasted judicial resources by addressing various pre-trial motions that could have been resolved in the transferee court"); *Ramos-Martir v. Astra Merck, Inc*., CIV. 05-2038(PG), 2005 WL 3088372, at *1 (D.P.R. Nov. 17, 2005) (it is "undesirab[le]" for district courts to "expend[] judicial resources familiarizing [them]selves with the intricacies of" cases that are likely to be transferred to MDL proceedings.) *See also Ali v. 7-Eleven, Inc*., No. 22-20328-CIV, 2022 WL 713665, at *2 (S.D. Fla. Mar. 10, 2022) ("[T]he conservation of judicial resources weighs in favor of a brief stay. As this Court has noted before, it is 'a waste of judicial resources to proceed with [a case] when the JPML is considering the consolidation of' cases in an MDL.") (citations omitted); *Pennsylvania ex rel. Kane*, No. 13-cv-605, 2013 WL 1397434, at *4 (M.D. Pa. Apr. 5, 2013) ("[I]t is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the [JPML] because of the judicial resources that are conserved.") (citation omitted); *Wittman v. Aetna Health, Inc*., 14-cv-00322, 2014 WL 4772666, at *2 (D. Me. Sept. 24, 2014) ("[B]ecause a stay would avoid the possibility of duplication of discovery and certain court proceedings, the interests of judicial economy militate in favor of a stay."); *Alves v. Prospect Mortg., LLC*, No. 13-10985-JLT, 2013 WL 5755465, at *3 (D. Mass. Oct. 22, 2013) ("[W]ere this court to deny [d]efendant's motion and forge ahead with discovery and other pretrial matters, and the JPML to grant [d]efendant's motion to transfer, this court may well waste time and expense on matters that will then be duplicated by the transferee court."); *Rivers v. Walt Disney Co*., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (absent a stay, "this [c]ourt will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge").

***Second,*** any stay of this Action will be brief and will not prejudice Defendants. The Motion for Transfer is fully briefed as of September 17, 2026, and a decision by the JPML should be issued

without extensive delay. Defendants will not be prejudiced by the short pause in proceedings pending the JPML's decision, and no significant delay of this Action will result. *See Paul*, 2009 WL 2244766, at *1 (instituting a stay when the anticipated delay would a few months because that prejudice is "minor"); *Fowler v. Hamilton Med. Ctr., Inc.*, No. 08-cv-0055, 2008 WL 11336192, at *2 (N.D. Ga. May 7, 2008) ("[B]ased on the Court's own experience with the JPML, the JPML likely will rule on the pending motions to transfer within the next two to three months. Plaintiffs . . . will suffer little, if any, prejudice from such a short stay."); *Wittman v. Aetna Health, Inc*., 14-cv-00322, 2014 WL 4772666, at *2 (D. Me. Sept. 24, 2014) ("In this matter, any potential prejudice to [Defendants] as the result of the stay would be minimal given the likelihood the stay will be of limited duration."); *Alves v. Prospect Mortg., LLC*, CIV.A. 13-10985-JLT, 2013 WL 5755465, at *3 (D. Mass. Oct. 22, 2013) (Defendants "will suffer little prejudice if a four-to-six-month stay is imposed" where Defendants "point to no negative consequences that are distinct from those that generally accompany a delay in the proceedings.")

That is particularly true here. The requested stay is tied to a discrete event—the JPML's ruling on the pending transfer motion—and briefing before the JPML is complete as of September 17, 2026. Moreover, Defendants themselves are already participating in that proceeding and have filed an opposition to centralization. Indeed, Defendants have submitted a separate opposition devoted specifically to whether the characteristics of this Action warrant excluding it from centralized proceedings. A temporary stay therefore does not impair Defendants' ability to contest centralization; it merely preserves the status quo while the JPML considers the very case-specific arguments Defendants have presented to it.

***Third,*** absent a stay, Plaintiff will suffer substantial hardship by having to litigate duplicative matters in at least two venues and be subject to potentially conflicting rulings across

various related actions. In fact, the need to avoid the risk of inconsistent rulings is one of the reasons why Congress established the multidistrict litigation procedure. *See Paul*, 2009 WL 2244766 at *2 (granting a stay where conflicting decisions could prejudice the party seeking stay); *Ortenzio v. Eli Lilly & Co*., CIV A 106CV179, 2007 WL 1813786, at *1 (N.D.W. Va. June 21, 2007) ("recogniz[ing] that one of the important functions of a transfer to the JPML pursuant to 28 U.S.C. § 1407(a) is to 'further judicial economy and to eliminate the potential for conflicting pretrial rulings'") (citation omitted); *Allen v. Wyeth*, 08-4827 (DWF/FLN), 2008 WL 11204717, at *1 (D. Minn. Dec. 17, 2008) (granting a stay because if the action is transferred to an MDL court, that court would "be in the best position to rule" on plaintiffs' pre-trial motions "in a way that promotes consistency between the parties in the MDL"); *see Regonini* Order*,* ECF No. 19 ("[A] stay pending MDL transfer minimizes the risk of 'inconsistent judgments and duplicative litigation.'") (citation omitted); *see also Automated Transactions, LLC*, 2013 WL 1346470, at *2 (D. Me. Mar. 14, 2013) ("In the absence of a stay, there is a risk of inconsistent rulings."); *Camara v. Bayer Corp.*, C 09-06084 WHA, 2010 WL 902780, at *2 (N.D. Cal. Mar. 9, 2010) ("In view of the MDL, however, [deciding pretrial motion] would unnecessarily duplicate work and could lead to inconsistent results."); *Litchfield Co., LLC v. BP, P.L.C*., 10-cv-01462, 2010 WL 2802498, at *2 (D.S.C. July 14, 2010) (granting stay where the "hardship faced by the defendant forced to litigate in multiple courts and potentially forced to suffer conflicting rulings outweighed the prejudice to the plaintiff caused by delay."); *Duke v. Rolls-Royce Corp*., 3:05CV538-W, 2007 WL 674310, at *2 (W.D.N.C. Feb. 28, 2007) (granting stay "[i]n order to avoid the issuance of potentially contradictory rulings by the Panel and this [c]ourt and to promote judicial efficiency"); *Ali*, 2022 WL 713665 at *2 ("Staying this case pending the JPML's decision on a transfer of this matter to [the MDL] will eliminate any possibility of inconsistent rulings and duplicative litigation,

thereby lessening any prejudice to the parties.”); *Simpson v. Wright Med. Tech., Inc*., No. 5:17-cv-00062 KGB, 2020 WL 3318001, at *1 (E.D. Ark., June 18, 2020) (proceeding with case “while the MDL Motion is pending with the JPML creates the risk of potentially duplicative motion practice and results in hardship to the parties in conducting motion practice in a case that may be transferred elsewhere”).

That concern is concrete here, rather than hypothetical. The JPML is presently considering whether this Action should be centralized with numerous actions involving the same underlying tariff-refund theory. If the JPML orders transfer, Plaintiff would have incurred the unnecessary expense of litigating substantive pretrial issues in this Court—including the pending Motion to Compel Arbitration and Motion to Remand—only to have those matters potentially addressed in connection with the coordinated pretrial proceedings before the transferee court. Deferring such proceedings until the JPML resolves the transfer motion would therefore promote judicial economy and avoid potentially duplicative briefing and adjudication. Thus, a stay avoids that unnecessary duplication without affecting the ultimate adjudication of Defendants’ and Plaintiff’s pending motions. Accordingly, while the JPML determines whether to grant the Motion for Transfer and the appropriate forum for coordinated pretrial proceedings, all three factors weigh in favor of staying this Action. *See Paul*, 2009 WL 2244766 at *1.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request that the Court enter an Order staying this case until the JPML rules on the pending Motion for Transfer.

Dated: October 2, 2026

Respectfully submitted,

LOLA RUSSELL, individually and on behalf of others similarly situated.

By: /s/ *Donald S. Cuba II*

Myles P. McGuire
Evan M. Meyers
Donald S. Cuba II
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
dcuba@mcgpc.com

*Attorneys for Plaintiff and the putative Class*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on October 2, 2026, I electronically filed the foregoing *Memorandum of Law in Support of Plaintiff's Motion to Stay All Proceedings Pending Ruling on MDL Motion* with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record registered on the ECF system.

By: /s/ *Donald S. Cuba II*
Donald S. Cuba II